W. D. GIBBS, EXECUTOR, v. T. C. BUNCH.

1. ESTATE OF WIFE. *After death. Power of husband to bind.*
  Under the Code of 1871, the death of the wife terminated the right of the hus-
  band, as such, to bind her separate estate. Nor could he, as her executor,
  bind her estate after her death by giving his individual note for a pre-
  existing debt, unless so empowered by her will.

2. LIMITATION OF ACTIONS. *Suits against executors. Section 2172 and § 2155,
  Code of 1871 (Code of 1880, § 2676), applied.*
  G. gave his note to B. for services rendered as manager of his wife's plantation
  during the year 1871. A few years afterward he took up this note and gave
  B. a new one, and in January, 1879, again renewed his note. In 1879 G.'s
  wife died, leaving a will making him her executor, and he qualified as such
  in August of that year. In January, 1881, G. again renewed his note. In
  April, 1884, B. instituted suit on this note against G. individually and as
  executor, and obtained judgment against the latter in both capacities. *Held,*
  that the indebtedness, in all of its forms, prior to the execution of the note
  sued on, was barred, under § 2155, Code of 1871 (Code of 1880, § 2676),
  which provides that all actions against executors must be brought within four
  years after they have qualified, and which, by virtue of § 2172, "may be
  pleaded in any case where a bar has accrued under the provisions" of that
  code.

APPEAL from the Circuit Court of Yazoo County.

HON. T. J. WHARTON, Judge.

In 1870 and 1871 Louisa J. Gibbs owned a plantation called
"Woodbine," and was the lessee of another plantation called "Rose
Hill," both of which she cultivated. Her husband, W. D. Gibbs,
employed T. C. Bunch to manage these plantations, and on a final
settlement early in 1872 it was found that there was due to Bunch
about two hundred and fifty dollars. Thereupon W. D. Gibbs
gave Bunch his note for that amount. Sometime afterward this
note was taken up and a second given by Gibbs to Bunch, and on
the first day of January, 1879, this second note was taken up by a
third note for three hundred and eighty-two dollars and fifty cents,
due one day after date, and signed by W. D. Gibbs. Louisa J.
Gibbs died July 21, 1879, leaving a will by which W. D. Gibbs
became the sole executor, with power to sell any of her property to
pay her debts. Gibbs qualified as executor August 1, 1879. On

January 17, 1881, he again took up the last note given to Bunch and made him another for four hundred and forty-three dollars and ninety-two cents, payable one day after date, with interest at eight per cent. This note was signed simply " W. D. Gibbs." On the 25th of April, 1884, the plaintiff, Bunch, instituted this action of assumpsit on this last note against W. D. Gibbs, individually and as executor, and obtained judgment against him in both capacities. The defendant, Gibbs, appealed.

*Hudson, Hudson & Holt,* for the appellant.

1. The note sued on was given after the death of Gibbs' wife, hence we do not think it could be a valid obligation in any event ; but if it could be, it certainly is not here, for the executor, to be bound by a promise, must promise as executor, and must contract as such, and it is conclusively shown that he did not do so here.

2. The suit, if maintainable at all, must be upon the original debt as kept alive by the notes given in Mrs. Gibbs' lifetime, or the original debt itself.

At the death of Mrs. Gibbs the last note given in her lifetime was past due, and no suit having been brought on the note within four years and six months from the qualification of the executor, the claim is barred as to the estate of Mrs. Gibbs. Code 1871, § 2155.

We add the six months because the creditor is prohibited from suing for that length of time. Code 1871, § 1184.

It was decided in the cases set out below that the time within which the creditor is *prohibited* from suing must be added to the four years. *Wilkinson* v. *Moore,* 27 Miss. 365 ; *West Felicianna R. R. Co., etc.,* 13 S. & M. 395.

3. The executor cannot make a new note to bind the estate of his testator, even when he tries and expressly does so. *Yerger* v. *Foote,* 48 Miss. 62.

4. If the claim is to be regarded as kept alive by the notes, then the notes, or rather the last one of January, 1879, must be the basis of the suit (which must be in a court of equity), and the Code of 1871 would certainly govern, and four years and six months would bar the claim.

*Calhoon & Green,* on the same side.

1. Conceding, for the sake of argument, that Mrs. Gibbs was liable on the note maturing January 5, 1879, it was a cause of action against her in her lifetime, and by the Code of 1871, § 2155, her executor could not be sued on it but within four years after his qualification, which was on August 1, 1879, and six months within which he could not be sued under § 1184 of the Code of 1871, and we have December 1, 1879, as the starting period from which to compute the four years, and the claim was barred as against the estate on December 1, 1883, four months and twenty-four days before the declaration was filed on April 25, 1884. Mrs. Gibbs died under the operation of the Code of 1871, and, of course, that governs.

2. Can it be true that a husband, as statutory agent of the wife, can, after her death, bind her and her estate by the execution of a promissory note signed by him individually, so as to stop the running of the statute of limitations? We will suppose that a day after an obligation falls due, which the husband made under his statutory power to bind the wife, she dies, and suppose that he survived her fifty years, it would follow, under counsel's reasoning, that he could, by successive renewals, prevent the running of the four years' statute and all other statutes of limitation. This is a demonstration of its absurdity.

*J. C. Prewitt* and *Henry & Campbell,* for the appellee.

1. It is insisted that the claim of the appellee is barred by the statute of limitations of four years—that statute which requires that an administrator or executor shall be sued within four years after his qualification.

If the Code of 1857 governs, as we think it does, the cause of action is not barred; for according to that code an administrator or executor could not be sued for nine months after his appointment, and the cases cited by counsel in the court below (*Jennings v. Love,* 2 Cushm. 249, and other cases) and a later case, *Sively v. Summers,* 57 Miss. 712, decide that the nine months should be added to the four years.

2. If we are wrong in this position—that the Code of 1857 regu-

lates the question of limitations—the four years' prohibition of suit against an executor or administrator does not apply, for the reason that the note sued on and filed with the declaration was given in January, 1881, and the case of *Sively* v. *Summers*, 57 Miss. 712, holds that a note which matures after the maker's death is not affected by the four-years' statute.

CAMPBELL, J., delivered the opinion of the court.

The death of Mrs. Gibbs terminated the power of her husband, as such, to bind her separate estate, and her will does not empower him as executor to give a note. Therefore the action on the note is not maintainable against the executor.

The indebtedness in all of its forms prior to the execution of the note sued on is barred by the lapse of four years and six months after the qualification of the executor. Code of 1871, § 2155 (Code of 1880, § 2676). This code governed by virtue of the provision that the limitation prescribed in it *" may be pleaded in any case where a bar has accrued under the provisions thereof,"* § 2172. Besides, it is indisputable that the right of action, if any, against the estate of Mrs. Gibbs accrued under the Code of 1871, since it appears that the claim is for a balance due for services in 1871, on which there was no right of action until the end of that year. Wherefore, in any point of view, the Code of 1857 had no application to the question of the statute of limitations.

This view renders it unnecessary to consider any other question in the case.

*Reversed and remanded.*